IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KERRY DEAN STEHR                                                                         PLAINTIFF

V.                                          NO. 11-5201

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration                                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kerry Dean Stehr, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II the Social Security Act (Act).[2] In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his application for DIB on September 16, 2008, alleging an inability to work since July 31, 1996, due to "Back injury, intestinal problems, anxiety, depression, chronic diarrhea, high blood pressure, necessity to take care of my wife."[3] (Tr. 234, 247).  Plaintiff met the insured requirement through December 31, 2002.  (Tr. 235).  An

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2] The Court notes that the record reflects that Plaintiff also applied for supplemental security income (SSI).  (Tr. 211-213). However, Plaintiff did not assert a SSI claim in her complaint, and the ALJ and Defendant did not address the SSI claim in the decision and brief.  Accordingly, the Court will only address the DIB claim.

[3] Plaintiff amended her onset date at the hearing to July 31, 1996. (Tr. 85).

-1-

administrative hearing was held on January 26, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 58-90).

By written decision dated May 24, 2010 , the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - degenerative disc disease of his lumbar spine, status-post two surgeries, and an L2 compression fracture. (Tr. 10). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 11). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform:

> sedentary work as defined in 20 CFR 404.1567(a) except he could never climb ladders, ropes and scaffolds, kneel, crouch, crawl, perform overhead work or work around hazards. In addition, the claimant could only occasionally climb ramps and stairs, balance and stoop.

(Tr. 11). With the help of a vocational expert (VE), the ALJ determined Plaintiff was able to perform his past relevant work as a master control operator and computer processing scheduler. (Tr. 13).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on June 15, 2011. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). On May 3, 2012, the undersigned entered an order allowing Plaintiff's counsel to withdraw as attorney for Plaintiff. Plaintiff then basically advised the undersigned in writing that he would appreciate it if the Court could decide the case without him having to get more involved in the process. (Doc. 13). On May 25, 2012, the undersigned waived the requirement of Plaintiff filing an

appeal brief, and stated that it would review the transcript to determine if there is substantial evidence to support the ALJ's decision. On July 5, 2012, Defendant filed his appeal brief, and the case is now ready for decision. (Doc. 18).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in Defendant's brief, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A),

1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.   Discussion:**

    **A.   Severe Impairments**:

The medical records in this case date back to December 27, 1991, and go through September 24, 2009.  For DIB purposes, the relevant time period is between July 31, 1996, the alleged onset date, through December 31, 2002, the date last insured.  Although the Court reviewed all of the medical records contained in the transcript, it will focus on those dated during the relevant time period.  A "Return to work" document dated February 1, 1996, signed by a

physician,[4] indicates that Plaintiff "has now recovered sufficiently to be able to return to light (regular) work duties on Thurs. 2-01-96," and has "limited ability not over 25 lbs. Until 3-11-96." (Tr. 533). On May 16, 1996, Plaintiff presented himself to St. Anthony Occupational Health Center for physical therapy initial evaluation, where he was described as ambulating into the department in a forward flexed position approximately 20 degrees, and was slow from supine to sit to stand, and left side lying was his most comfortable position. (Tr. 543-544). There are no further medical records from this date until November 10, 2005, when Plaintiff once again saw his treating physician, Dr. James H. Arkins. (Tr. 428).

Plaintiff's main complaints between 1991 and 1996 relate to his back pain. Plaintiff's other complaints, such as intestinal problems, chronic diarrhea, hypertension, anxiety and depression, do not appear in the medical records relating to the relevant time period. Therefore, the ALJ was correct in determining Plaintiff's severe impairments constituted degenerative disc disease of his lumbar spine, and an L2 compression fracture. (Tr. 10).

**B.    Subjective Complaints of Pain**:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a

---

[4]The Court cannot make out the full name of the physician signing this form.

whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

The ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms. (Tr. 12). However, he also found that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the above RFC assessment. (Tr. 12). The Court agrees. The ALJ considered Plaintiff's medical records and daily activities, noting that by February 1996 he was released to return to work duties but was restricted from lifting in excess of 25 pounds until March 11, 1996. (Tr. 12). The ALJ also noted the nine year gap between 1996 and 2005, when Plaintiff did not seek treatment for his impairments. Failure to pursue regular medical treatment is inconsistent with allegations of pain. Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir. 2003).

It is noteworthy that after Plaintiff fell during a hiking trip in 1995, when he suffered a compression fracture of the L2 vertebrae, he was placed in a Risser cast. (Tr. 534). However, four days after he received the cast, he removed his cast with a tree saw. (Tr. 538). The physician who placed him in the cast subsequently spoke with Plaintiff and advised him that the potential existed for his fracture fragments to displace, further compromising his spinal canal. (Tr. 538). Plaintiff understood, but elected to continue out of immobilization and was thereafter discharged from that doctor's care. (Tr. 538). "Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits." Brown v. Barnhart, 390 F.3d 535, 540-541 (8th Cir. 2004)(citations omitted).

### C. RFC Assessment:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The ALJ addressed Dr. Arkins Medical Source Statement, which was completed on September 24, 2009. The ALJ did not give such report any significant weight, as Dr. Arkins had not even seen the Plaintiff for over a decade prior to the date he returned to see him in November of 2005. (Tr. 13). The ALJ concluded: "so there is no way he could know how the claimant was doing as of 1997 or as of his amended alleged onset date (Exhibits 9F and 11F)." (Tr. 13). The ALJ also considered the opinions of the state agency, and concluded that Plaintiff's physical abilities were more limited from his amended alleged onset date through his date last insured.

The Court believes the ALJ gave proper weight to the medical opinions, and, after considering them as well as Plaintiff's description of his limitations, properly assessed Plaintiff's

RFC.

**D.  Past Relevant Work:**

With the aid of the VE, the ALJ found that Plaintiff's past relevant work as a master control operator and computer processing scheduler, were performed at the sedentary level of exertion and were skilled, which is compatible with Plaintiff's RFC assessment.

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's finding that during the relevant time period, Plaintiff was not disabled.

**IV.  Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 27th day of March, 2013.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITE D STATES MAGISTRATE JUDGE